## GORDON v. GORDON.

1. Divorce—Deceit by Husband in Regard to Health not Established.

In wife's suit for divorce, her claim that defendant was guilty of deceit in representing to her that he had completely recovered from epileptic seizures, *held*, not supported by the record, which shows that he was advised by physicians of his recovery.

Misrepresentation or concealment as to one's physical or mental condition as ground for annulment of marriage, see annotation in 13 L. R. A. (N. S.) 996; 7 A. L. R. 1503; 31 A. L. R. 148.

2. SAME—PERSONAL VIOLENCE NOT ESTABLISHED.
    That defendant was guilty of threatening and inflicting personal
    violence upon plaintiff, *held*, not established by the proofs.

3. SAME—HUSBAND'S DEVOTION TO MOTHER NO CAUSE FOR DIVORCE.
    That the husband made it a practice to call upon his mother
    every day, thus delaying his return to his home to the annoy-
    ance of his wife and causing postponement of the evening
    meal, *held*, insufficient ground for divorce.

4. SAME—EXTREME CRUELTY NOT ESTABLISHED.
    Wife's charges of extreme cruelty in suit for divorce, *held*, not
    sustained by a preponderance of the evidence.

Appeal from Wayne; Murphy (Alfred J.) J. Sub-
mitted April 27, 1928. (Docket No. 135, Calendar
No. 33,707.) Decided October 1, 1928. Rehearing
denied December 4, 1928.

Bill by Betty Gordon against Harry Z. Gordon for
a divorce. From a decree for plaintiff, both parties
appeal. Reversed, and bill dismissed.

*William Henry Gallagher,* for plaintiff.

*Groesbeck, Sempliner, Kelly & Baillie,* for de-
fendant.

WIEST, J. Defendant appealed from a decree
granting his wife a divorce on the ground of extreme
cruelty, awarding her the custody of their child,
and ordering him to pay $10 per week for the sup-
port of the infant. Plaintiff appealed from that
part of the decree requiring her to take the child
to the home of her uncle on Friday of each week in
order that defendant have the infant from Friday
afternoon to Sunday afternoon.

The parties were married June 19, 1923, and
separated June 5, 1925. At the time of the marriage
plaintiff was 19 and defendant 31 years of age. De-
fendant is an ordained rabbi, but at the time of the

hearing was employed as a probation officer in the recorder's court in the city of Detroit.

In September, 1916, while walking on the street, defendant was held up by three thugs and received a fractured skull. This injury necessitated the removal of a portion of his scalp and kept him in a hospital for six months. For a time, at least, following the injury to his skull, defendant suffered epileptic seizures. Before the marriage plaintiff was informed of the injury defendant had suffered and was assured that there had been a complete recovery. Plaintiff charges that she was deceived in this respect by defendant, for, after the marriage, he had several epileptic seizures, the first occurring while they were on their wedding trip. If defendant had not recovered at the time of the marriage, and knew he had not, and represented that he had, then he practiced deceit, but, if he believed he had recovered, and had good reason for the belief, then, even the unfortunate recurrence of the old trouble would not make him guilty of deceit or afford plaintiff any ground for dissolving the marriage. Defendant was advised of his recovery by his physician, and, before marriage, was examined by and advised of his recovery by a physician selected by plaintiff's father. It is doubtful whether defendant had an epileptic seizure after marriage, but if he did he was to be pitied and was not guilty of deceit.

Plaintiff claims the wedding trip was marred by defendant's lamentation over failure of her having a dowry. He denies any such talk. We cannot accept her version as established by a preponderance of the evidence. Dowry, or marriage dot, is sometimes a subject of bargain, and, while it may be humiliating to a bride to be twitted of failure to come with a dot, we do not think it cause for dissolving the

marriage. In any event, the subject was soon relegated to the realm of things to be forgotten, for, shortly after the marriage, her father very generously presented the young couple with a home and much of its furnishings. Just before the wedding her father gave her an expensive automobile.

We have considered the charges of threatened and claimed inflicted personal violence, and find ourselves unable to accept plaintiff's versions and reject defendant's denials. The occasion when she says she screamed so violently in terror of defendant as to rupture a blood vessel in her throat rests wholly upon her testimony, and defendant's denial is somewhat supported by the fact that a roomer in the house, and in a position to have heard such an outcry, heard nothing.

It is claimed the defendant made it a practice to call upon his mother every day and this delayed his return to his home to the annoyance of plaintiff and postponement of the evening meal. We are loath to hold this a ground for divorce. It probably would have been more satisfactory to plaintiff had defendant exhibited less devotion to his mother. Upon due consideration, we are constrained to hold that plaintiff has not sustained her charges by a preponderance of the evidence.

The decree in the circuit is reversed, and one will be entered here dismissing the bill, but without costs.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.